IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.: ELH-17-336 |
| DELROY WILLIAMS | |
| Defendant. | |

## MEMORANDUM

On July 5, 2022, defendant Delroy Williams filed a letter and an exhibit with the Court seeking compassionate release to due to harsh prison conditions during the COVID-19 pandemic and family circumstances. *See* ECF 219; ECF 219-1. The Clerk docketed Mr. Williams's letter as a motion for compassionate release. *Id; see* 18 U.S.C. § 3582(c)(1)(A).

Mr. Williams also seeks "compensation," ECF 219 at 1, based on the cruel and unusual punishment he experienced as a result of prison conditions at F.C.I. McKean during COVID-19, in violation of the "8th Amendment of the United States Constitution." *Id.* at 2. Although Mr. Williams "could seek relief for this alleged constitutional violation in an appropriate [civil] lawsuit, '[a] motion for compassionate release is not the proper vehicle for an Eighth Amendment claim, and the Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c).'" *United States v. Langford*, JKB-15-0539, 2022 WL 1443868, at *3 n. 3 (D. Md. May 6, 2022) (quoting *United States v. Wiley*, FDW-03-0205, 2021 WL 1234595, at *1 n.1 (W.D.N.C. April 1, 2021)); *see also United States v. Akers*, KHV-4-20089-1, 2022 WL 2438388, at *4 (D. Kan. July 5, 2022) ("Claims which assert potential constitutional violations should be brought—if at all—in a separate civil action, not as part of a motion for compassionate release.").

The Office of the Federal Public Defender ("FPD") declined to represent Mr. Williams. ECF 221. And, the FPD stated that it had no documents regarding exhaustion of administrative remedies. *See id.*

The government responded to Mr. Williams's request. ECF 237. It seeks dismissal, stating, in part: "Williams's motion should be denied because he has failed to comply with the exhaustion requirement." *Id.* at 9. Mr. Williams replied, and raised his rehabilitation efforts as an additional basis for compassionate release. *See* ECF 238.

No hearing is necessary. *See* Local Rule 105.6.

As a result of the enactment of the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), a federal inmate is now permitted to file a motion for compassionate release directly with the court after exhaustion of administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 275-76 (4th Cir. 2020). Specifically, pursuant to the FSA, the Court may reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A) (Emphasis added).

Once a defendant has exhausted his administrative remedies, or after 30 days have passed from the date on which the warden has received the defendant's request, the defendant may petition a court directly for compassionate release. *United States v. Ferguson,* 55 F.4th 262, 268 (4th Cir. 2022); *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *McCoy*, 981 F.3d at 276. This constituted a sea change in the law.

2

Upon a review of the record, however, there is no information to show that Mr. Williams ever petitioned the Warden for compassionate release. Indeed, the government contends that "[u]pon inquiry to the [Bureau of Prisons] and the staff at FCI McKean, there is no record of Williams filing an administrative request for compassionate release." ECF 237 at 9. Further, since the government's submission, Mr. Williams filed a reply (ECF 238), but he did not refute the government's contention. *See* ECF 238.

Therefore, I shall deny Mr. Williams's request for compassionate release, because he has not shown that he has exhausted administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). However, the dismissal is without prejudice to the right of Mr. Williams to file another motion for compassionate release after he has exhausted his administrative remedies. I shall also deny Mr. Williams's request for compensation due to a constitutional violation, as a motion for compassionate release is an improper vehicle to pursue such relief.

An Order follows.

Date: April 11, 2023                              /s/
                                        Ellen L. Hollander
                                        United States District Judge