IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

DELROY WILLIAMS, JR.,[1]

*Defendant*.

Criminal No. ELH-17-0336

**MEMORANDUM OPINION**

Defendant Delroy Williams, who is self-represented, has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 244 (the "Motion"). Williams, who is serving a sentence of 135 months of imprisonment for drug offenses, claims that he is entitled to a sentence reduction because he is a "Zero Point Offender[]." *Id.* at 13. The government opposes the Motion. ECF 251. Defendant has replied. ECF 252.

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

## I.    Factual and Procedural Background

On June 21, 2017, a federal grand jury returned a three-count indictment charging Williams and his co-defendant, Ramella Wilson, with possession of firearms in furtherance of drug trafficking. ECF 1. The offenses allegedly occurred on December 12, 2016. Wilson pleaded guilty (ECF 64) and was sentenced to time served. ECF 176, ECF 177. On September 19, 2018, a federal grand jury returned a multi-count superseding indictment, charging Williams with conspiracy to distribute and possess with intent to distribute marijuana and five kilograms or more

---

[1] The docket reflects that defendant's full name is Delroy Williams, Jr. However, many submissions do not include the "Junior."

of cocaine, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Three); and possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Four).  ECF 89.

Williams proceeded to a jury trial in May 2019.  ECF 153-157, ECF 160.[2]  On May 21, 2019, following a five-day trial, the jury convicted Williams of Counts One, Two, and Three.  ECF 160.  However, the jury acquitted Williams as to Count Four.  *Id.*

The Presentence Report ("PSR," ECF 179) reflected a combined offense level of 30 for Counts One, Two, and Three, based on drug quantity.  *Id.* ¶ 25.  Two levels were added because defendant possessed a firearm, under § 2D1.1(b)(1).  *Id.* ¶ 26.  And, two levels were added for obstruction of justice under U.S.S.G. § 3C1.1.  *Id.* ¶ 29.  Therefore, defendant had a total offense level of 34.  *Id.* ¶ 33.

Defendant had a few minor prior convictions, but none that scored any points.  *Id.* ¶¶ 36-39.  Therefore, his criminal history category was I.  *Id.* ¶ 40.  With an offense level of 34, defendant's Guidelines called for a sentence ranging from 151 to 188 months of imprisonment.  *Id.* ¶ 77.

Sentencing was held on September 5, 2019.  The government sought a sentence of 168 months of imprisonment.  ECF 183 at 1.  The defense sought the mandatory minimum, *i.e.*, 120 months.  ECF 180.[3]

---

[2] Defendant's trial was initially scheduled for November 5, 2018.  ECF 108.

[3] Count One had a mandatory minimum of 120 months.  Count Two had a mandatory minimum of 60 months.  ECF 179, ¶ 76.

The Court applied a two-level enhancement for obstruction of justice because defendant absconded from supervision in October 2018, shortly before trial was to begin, and remained a fugitive until January 11, 2019, and also because of his perjurious testimony at trial. *See* ECF 179, ¶¶ 20, 21; ECF 205 at 10-11; U.S.S.G. § 3C1.1. The defense did not dispute the enhancement based on defendant's status as a fugitive. ECF 205 at 10. The Court also awarded a two-level increase for the firearms, discussed, *infra*.

Therefore, the Court agreed with the PSR that Williams had a final offense level of 34, with a criminal history category of I. ECF 205 at 25. Again, this resulted in an advisory Guidelines range of 151 to 188 months of imprisonment. *Id.* The Court sentenced Williams to a below-Guidelines sentence of 135 months of imprisonment. ECF 185.

Williams appealed the convictions and sentence. ECF 187. On October 20, 2021, the United States Court of Appeals for the Fourth Circuit affirmed. ECF 216; *United States v. Williams*, 2021 WL 4892209 (4th Cir. 2021) (per curiam).

On November 3, 2023, Williams filed a "Motion For A Sentence Reduction Pursuant To 18 USC § 3582(c)(1)(A)." ECF 244. In support of the Motion, defendant relies, *inter alia*, on his rehabilitation. ECF 244 at 3. He points to his participation in programming, *id.*; his "current characteristics," *id.* at 4 (underling in original); his commitment to change, *id.* at 5; his acceptance of responsibility for his criminal conduct, *id.*; his exemplary institutional record, *id.* at 6; his work history while in prison, *id.* at 7; and the length of his sentence and the time he has already served. *Id.* at 9. He also relies on Amendment 821 to the Guidelines. *Id.* at 13.

Although the Motion appears to seek compassionate release, defendant states, *id.* at 9: "The Court should note that the Defendant is not seeking compassionate release, rather the

Defendant is seeking a sentence reduction." ECF 219.[4] Nevertheless, I shall consider the Motion under § 3582(c)(1)(A) as well as § 3582(c)(2).

Additional facts are included, *infra*.

## II.    The Legal Standards

### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F. 4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

A statutory exception is codified at 18 U.S.C. § 3582(c)(1)(A), which was first enacted as part of the Sentencing Reform Act of 1984. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). It is commonly termed the "'compassionate release exception.'" *Moody*, 115 F.4th at 310; *see United States v. Osman*, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024) (per curiam) (stating that

---

[4] Defendant first moved for compassionate release in July 2022. ECF 219. I denied that motion in April 2023, for failure to exhaust. ECF 241, ECF 242.

a motion under § 3582(c)(1)(A) is "commonly referred to as a motion for compassionate release . . . ."). Specifically, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes a court, in its discretion, to reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction,"; "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and the court has considered the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025); *Hargrove*, 30 F.4th at 194.

As originally enacted, the compassionate release provision permitted a court to alter a sentence only upon motion made by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). This meant that a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Bethea*, 54 F.4th at 831; *see, e.g.*, *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866–67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying compassionate release motion because § 3582 "vests absolute discretion" in the BOP). However, the safety valve of § 3582 languished, because the BOP rarely filed such a motion on an inmate's behalf. As a result, compassionate release was an infrequent occurrence. *See Hr'g on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013).

In 2018, with the passage of the First Step Act, *see* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (codified as 18 U.S.C. § 3582(c)(1)(A)), Congress "broadened" the authority of courts to grant sentencing modifications pursuant to 18 U.S.C. § 3582. *Malone*, 57 F.4th at 173. In particular, the FSA authorized a court to grant compassionate release "upon motion of the Director

of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A); *see also Ferguson*, 55 F.4th at 268; *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020). In other words, a federal inmate is now able to file a motion for compassionate release directly with the court, as long as the inmate first exhausts administrative remedies. *See McCoy*, 981 F.3d at 283.[5]

According to the BOP, Williams presented his written request for a sentence reduction to BOP staff on or about September 29, 2023. On October 18, 2023, the Acting Warden at FCI McKean denied Williams' request. *See* ECF 251-1. The government concedes that Williams exhausted his administrative remedies. ECF 251 at 5.

Under 18 U.S.C. § 3582(c)(1)(A), the court may modify the defendant's sentence only if two criteria are satisfied. *Brown*, 78 F.4th at 128; *Bethea*, 54 F.4th at 831.[6] Specifically, "the district court must conduct a two-step analysis." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024); *see also Bond*, 56 F.4th at 383.

The first step consists of two parts. The court "must determine: (1) whether extraordinary and compelling reasons warrant . . . a [sentence] reduction; and (2) that such a reduction is

---

[5] If a defendant has already exhausted administrative remedies upon filing a first motion for compassionate release, the defendant does not need to meet the bar for exhaustion a second time, should the defendant seek to renew the motion. *United States v. King*, 2025 WL 1692747, at *1 (4th Cir. June 17, 2025) (per curiam).

[6] The Fourth Circuit has said that there are two criteria, and that the first criterion consists of two steps. *See, e.g., Malone*, 57 F.4th at 173. More recently, however, in *United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025), the Fourth Circuit stated that there are three criteria. Whether the criteria are counted as two or three, the substance is the same.

consistent with applicable policy statements issued by the Sentencing Commission." *Malone*, 57 F.4th at 173; *see Moody*, 115 F.4th at 310; *Davis*, 99 F.4th at 654; *Bond*, 56 F.4th at 383-84; *Bethea*, 54 F.4th at 831; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), *cert. denied*, 142 S. Ct. 383 (2021). The court's analysis of these two steps goes hand in hand. *United States v. Burleigh*, 145 F.4th 541, 547 (4th Cir. 2025). If that first step is met, the court then proceeds to the second step.

Under the second step, the court must determine whether release is appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent those factors are applicable." *Bethea*, 54 F.4th at 831; *see Moody*, 115 F.4th at 310; *Malone*, 57 F.4th at 174; *Hargrove*, 30 F.4th at 194. "Importantly, a court assessing a compassionate release motion is entitled to consider the § 3553(a) factors '[o]nly after' conducting the first step's analysis." *Osman*, 2024 WL 3633573, at *3 (citations omitted) (alteration in *Osman*); *see Malone*, 57 F.4th at 173 (stating that the district court may consider the § 3553(a) sentencing factors only after determining that extraordinary and compelling reasons warrant a sentence reduction and that a reduction is consistent with the Sentencing Commission's policy statements).

Generally, "the district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021), *superseded by regulation as stated in Davis*, 99 F.4th 647.  Notably, "it weighs against an abuse of discretion—and is viewed as 'significant'—when the same judge who sentenced the defendant rules on the compassionate release motion." *Bethea*, 54 F.4th at 834; *see United States v. Gutierrez*, 2023 WL 245001, at *5 (4th Cir. Jan. 18, 2023) (unreported); *Hargrove*, 30 F.4th at 200; *High*, 997 F.3d at 189.

As the Fourth Circuit has recognized, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with

applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)); *see Davis*, 99 F.4th at 654.   However, if there is no applicable policy statement relating to the defendant's compassionate release motion, the court has discretion to make its "own independent determination of what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A)." *Burleigh*, 145 F.4th at 548 (cleaned up); *see also United States v. Johnson*, 143 F.4th 212, 215 (4th Cir. 2025) (explaining that, "[i]n the absence of an applicable policy statement, district courts" have the power to "consider *any* extraordinary and compelling reason for release") (cleaned up).

The Policy Statement codified at U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" ("Policy Statement").   "[U]ntil recently," that Policy Statement did not apply to motions filed by prisoners.   *Davis*, 99 F.4th at 654; *see McCoy*, 981 F.3d at 281.   The Policy Statement began: "Upon motion *of the Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ." U.S.S.G. § 1B1.13 (2021) (emphasis added). Interpreting this language, the Fourth Circuit said in *McCoy*, 981 F.3d at 282, that, "[b]y its plain terms . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)."   Therefore, on the basis of that earlier text, the Court held: "When a defendant exercises his . . . right to move for compassionate release on his own behalf, . . . § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id.* at 281 (citation omitted).   As a result, district courts were '"empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citation omitted) (emphasis in original).

Effective November 1, 2023, U.S.S.G. § 1B1.13 was amended.   *See Davis*, 99 F.4th at 654 (citing 88 Fed. Reg. 28254 (May 3, 2023)).   The Policy Statement now begins: "Upon motion of

the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ."  U.S.S.G. § 1B1.13 (2023) (emphasis added).

The Policy Statement is applicable to defendant-filed motions under § 3582(c)(1)(A). *Davis*, 99 F.4th at 658 (directing district court on remand "to revisit [the petitioner's] arguments in light of the Sentencing Commission's new policy statement outlining when and how to consider changes in law as an extraordinary and compelling reason for a reduction").  Moreover, a court should apply the Policy Statement that is applicable "at the time the court renders its decision," not at the time the motion is filed. *Crawley*, 140 F.4th at 170.  When a defendant files a motion for compassionate release, a court must ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

The Policy Statement provides, in part, U.S.S.G. § 1B1.13(a):

> (B) IN GENERAL.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>>
>> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

Section 1B1.13(b) of the Policy Statement is titled "EXTRAORDINARY AND COMPELLING REASONS."  It identifies multiple circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence.

*See* § 1B1.13(b)(1)–(6).  These include certain medical circumstances of the defendant, such as a terminal illness, "serious . . . cognitive impairment," a medical condition that requires "specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death"; or the defendant is at imminent risk of being affected by "an ongoing outbreak of infectious disease" or "an ongoing public health emergency . . . .", § 1B1.13(b)(1)(A), (B), (C), (D); the defendant's age, along with other factors, § 1B1.13(b)(2); the defendant's family circumstances, § 1B1.13(b)(3)(A), (B), (C), (D); the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer, § 1B1.13(b)(4)(A), (B); and for a defendant who received an "unusually long sentence" and has served at least 10 years of the sentence, a non-retroactive change in the law that "produce[s] a gross disparity" in relation to "the sentence likely to be imposed at the time the motion is filed . . . .", § 1B1.13(b)(6).  In deciding whether a defendant has met the ten-year requirement, district courts can only consider the time a defendant has served in prison and cannot adjust that amount with good-time credits.  *Crawley*, 140 F.4th at 172–73.

Section 1B1.13(b)(5) is titled "Other Reasons."  Under § 1B1.13(b)(5), the district court may consider "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)."  The capacious language in § 1B1.13(b)(5) underscores that the enumerated circumstances listed in the Policy Statement are not an "exhaustive list" of extraordinary or compelling reasons.  *Johnson*, 143 F.4th at 216.  For example, in *Johnson*, the Court affirmed a district court's decision to reduce a defendant's sentence based on the disparity between the defendant's sentence and those of his co-conspirators.  *Id.* at 215–16.

Section 1B1.13(c) of the Policy Statement is titled "LIMITATION ON CHANGES IN

LAW." It specifies that, "[e]xcept as provided in subsection (b)(6)," which concerns an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). "However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under [the Policy Statement], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*; *see Davis*, 99 F.4th at 654.[7]

Section 1B1.13(d) of the Policy Statement concerns rehabilitation of the defendant. It limits the weight a court may assign to a defendant's rehabilitation while serving a sentence. That section provides that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* And, § 1B1.13(e) provides that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction.

Even if a defendant prisoner establishes that extraordinary and compelling reasons warrant

---

[7] In *Concepcion v. United States*, 597 U.S. 481 (2022), the Supreme Court concluded that a district court's general obligation "to consider [all] nonfrivolous arguments presented by the parties," *id.* at 487, required it "to consider intervening changes of law or fact in exercising [its] discretion to reduce a sentence pursuant to the First Step Act." *Id.* at 500. However, the Court acknowledged that "Congress or the Constitution [may] limit[ ] the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence...." *Id.* at 486-87. "Thus," the Court noted, "Congress expressly cabined district courts' discretion [to reduce a sentence] by requiring courts to abide by the Sentencing Commission's policy statements." *Id.* at 495.

relief, a reduced sentence does not necessarily follow.  The court must then consider the sentencing factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction of sentence is appropriate.  *See Dillon*, 560 U.S. at 826–27; *Brown*, 78 F.4th at 128; *United States v. Mangarella*, 57 F.4th 200, 203 (4th Cir. 2023); *Malone*, 57 F.4th at 174; *Bethea*, 54 F.4th at 833; *Hargrove*, 30 F.4th at 195; *High*, 997 F.3d at 186; *Martin*, 916 F.3d at 397; *see Kibble*, 992 F.3d at 329–30 (noting that district court must consider § 3553(a) factors when considering a motion to reduce sentence under § 3582(c)(1)(A) and district court enjoys broad discretion in conducting this analysis); *United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under § 3582(c)(1)(A), the court must consider the sentencing factors under § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (district court must give due consideration to the § 3553(a) factors); *see also United States v. Jones*, 2022 WL 2303960, at *1 (4th Cir. June 27, 2022) (per curiam) (noting that "a court need not explicitly make findings on extraordinary and compelling reasons where consideration of the § 3553(a) factors counsels against release"); *United States v. Butts*, 2021 WL 3929349, at *2 (4th Cir. Sept. 2, 2021) (per curiam) (noting that, even if the district court finds extraordinary and compelling circumstances, it must consider the § 3553(a) factors to the extent applicable in exercising its discretion).  Notably, the amendments to the Guidelines in November 2023 did not alter this requirement.

The § 3553(a) "factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with . . . training, medical care, or other correctional treatment.'" *Jenkins*, 22 F.4th at 170 (quoting 18 U.S.C. § 3553(a)). Additionally, the court may consider the "'kinds of

sentences available,' and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Burleigh*, 145 F.4th at 548 (quoting 18 U.S.C. § 3553(a)(1), (3), (6)). As the Fourth Circuit has observed, "'many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" *Bond*, 56 F.4th at 384 (quoting *Jackson*, 952 F.3d at 500). The district courts "enjoy the discretion to give additional weight to any one factor so long as they do not confine their analysis to that factor." *Davis*, 99 F.4th at 656; *see United States v. Friend*, 2 F.4th 369, 381–82 (4th Cir. 2021). And, in weighing the § 3553(a) factors, the court may consider the terms of a plea bargain. *Bond*, 56 F.4th at 384–85.

In *Davis*, 99 F.4th at 659, the Fourth Circuit said: "District courts are not required to acknowledge and address each of the defendant's arguments on the record when conducting a § 3553(a) analysis." But, "'the record as a whole'" must demonstrate that the judge considered the parties' contentions and had "'a reasoned basis'" for the exercise of judicial discretion. *Malone*, 57 F.4th at 176 (citations omitted); *see also Davis*, 99 F.4th at 659; *United States v. Puzey*, 2023 WL 2985127, at *2 (4th Cir. Apr. 18, 2023) (per curiam).

In particular, "the court must provide an explanation sufficient 'to allow for meaningful appellate review' in light of the particular circumstances of the case." *United States v. Cohen*, 2022 WL 2314300, at *1 (4th Cir. June 28, 2022) (per curiam) (quoting *High*, 997 F.3d at 190).

It is "not difficult" for a district court to satisfy this standard. *Burleigh*, 145 F.4th at 550. However, a more detailed explanation may be required if a substantial change in the law creates a disparity between the sentence a defendant actually received and the sentence he would receive, if sentenced under current law. *See Davis*, 99 F.4th at 661; *see* 18 U.S.C. § 3553(a)(6) (directing a court to consider "the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct."); *see Moody*, 115 F.4th at 312-13 (recognizing that a defendant may not "challenge the validity of a sentence in a compassionate release" motion but explaining that a court may consider whether a defendant's sentence would be shorter "because of changes in law"). In explaining its compassionate release ruling, "a district court is permitted to add to its original, sentencing-phase consideration of the § 3553(a) factors . . . ." *Bethea*, 54 F.4th at 834; *see Kibble*, 992 F.3d at 332.

A district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *High*, 997 F.3d at 187 (internal quotation marks omitted); *see Jenkins*, 22 F.4th at 167; *see also Brown*, 78 F.4th at 132 (criticizing district judge's "cursory" consideration of the § 3553(a) factors); *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018).

Of course, the district court's "discretion is not boundless." *United States v. Smith*, 2025 WL 1864767, at *3 (4th Cir. July 7, 2025) (unreported). And, "in exceptional case[s]" the district court can abuse this discretion either by neglecting to "adequately explain how it weighed the § 3553(a) factors" or by "failing to recognize that the relevant § 3553(a) factors clearly favor release." *Id.* (alteration added); *see id.* at *4 (finding that the district court abused its discretion by failing to acknowledge how the "multiplicity of factors combine to make the case for compassionate release").

"How much explanation is 'enough' depends on the complexity of a given case." *Gutierrez*, 2023 WL 245001, at *3; *see United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021). For example, "when a defendant 'present[s] a significant amount of post-sentencing mitigation evidence, . . . a more robust and detailed explanation [is] required.'" *Cohen*, 2022 WL

2314300, at *1 (quoting *High*, 997 F.3d at 190) (alterations in *Cohen*).

*Davis*, 99 F.4th 647, is informative. There, the Court recognized that a change in the Guidelines or the law can produce a sentencing disparity under § 3553(a)(6). *Id.* at 654–55. And, the Court observed that changes in the law since the defendant's sentencing "would [have] lower[ed] [the defendant's] guidelines range from a 188–235 months range to [a] 92–115 months range." *Id.* at 661.

According to the *Davis* Court, if the defendant were sentenced under current Guidelines, "it is very likely that [the defendant] would already be out of prison." *Id.* The Court stated, *id.*: "That reality alone implicates one of the applicable sentencing factors: 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Id.* (quoting 18 U.S.C. § 3553(a)(6)). It concluded that the district court was obligated to provide a "detailed explanation" of its § 3553(a) analysis, because "[t]his sentence disparity is so stark, and the change in law so substantial." *Davis*, 99 F.4th at 661 (citing *Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018)). As the *Burleigh* Court cautioned, even if a defendant's sentence "would be shorter if issued today," this fact does "not increase the burden on district courts to explain their decision." *Burleigh*, 145 F.4th 550–51.

## B.

Section 3582(c)(2) of 18 U.S.C. permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per

curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.  It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.*  It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83.  "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status.  U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)).  But, Amendment 821 limits the assignment of such "status points."  *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points.  *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points."  *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points.").  And, a defendant who has seven or more criminal history

points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G.

§ 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant

meets all of the following criteria[.]" *See* U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court

is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider"

the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense

level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering

§ 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v.*

*Williams*, 808 F.3d 253, 257 (4th Cir. 2015); *see Centeno-Morales*, 90 F.4th at 279; *Bond*, 56 F.4th

at 383. "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a

reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Peters*, 843 F.3d at 574.

### III.    Discussion

### A.

Williams asserts that he is entitled to a sentence reduction because his Guidelines calculation should be reduced under U.S.S.G. § 4C1.1.(a)(7), which was enacted pursuant to Amendment 821 of the Guidelines. ECF 244 at 13-16.

As discussed, § 3582(c)(2) of 18 U.S.C. permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1; *see Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010).

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821.  And, the United States Sentencing Commission has announced that these changes to the Sentencing Guidelines apply retroactively.  *Id*.  §§ 1B1.10(a)(1), 1B1.10(d).  Accordingly, the Court "*may* reduce [a]

defendant's term of imprisonment" in accordance with the provisions of the Amendment. *Id.* § 1B1.10(a)(1) (emphasis added).

As indicated, § 4C1.1 of the Guidelines provides a vehicle for a sentence reduction for certain zero-point offenders, *i.e.*, criminal defendants with no criminal history points. They may obtain a two-level reduction in their offense level. However, to qualify for this reduction, a zero-point offender must satisfy all of the enumerated criteria. *Id.* §§ 4C1.1(a)(1) – (a)(10). But, a defendant who "possess[ed] . . . a firearm or other dangerous weapon . . . in connection with the offense" is barred from an offense level reduction, even if he has no criminal history points. *See* § 4C1.1(a)(7).

The government concedes that defendant has no criminal history points. ECF 251 at 8; ECF 179, ¶¶ 35-40. However, the government contends that defendant is not eligible for relief under Amendment 821 because he possessed a firearm in connection with the drug trafficking offenses. ECF 251 at 8-9.

At the time of sentencing, the Court was entitled to consider acquitted conduct, subject to certain evidentiary hurdles. The Court found that, notwithstanding the jury's acquittal, Williams possessed a firearm in connection with the offenses for which he was convicted. And, under Amendment 821, a zero point offender who possessed a firearm in connection with the offense at issue is not entitled to a reduction in offense level. *See* U.S.S.G. § 4C1.1(a)(7).

During the sentencing hearing, the Court discussed the firearms at length. ECF 205 (Tr., 9/5/19), at 6, 12-25. For starters, based on the law at that time, defense counsel conceded that the firearm "enhancement can be applied irrespective of the § 924(c) verdict . . . ." *Id.* at 22. Nevertheless, he asked the Court to credit the jury's verdict. *Id.*

The Court stated that the acquittal "does not preclude . . . the Court from awarding an enhancement or an upward adjustment to the guidelines on the basis of the firearm." *Id.* at 23. I also said, in part, *id.* at 24: "The case law is very clear that an acquittal does not preclude a sentencing Court from considering conduct that pertains to the acquitted charge so long as the government meets its burden of proof, which I believe it has . . . ."[8]

I reviewed the evidence adduced at trial with respect to the firearms. *Id.* at 23-25. In particular, I found that "the evidence was overwhelming in support of conviction [for the § 924(c) count], but the jury ruled as the jury ruled." *Id.*at 23. Nevertheless, I determined that Williams's offense level was subject to a two-level increase, pursuant to U.S.S.G. § 2D1.1(b)(1), because he possessed firearms in connection with his drug trafficking activities. *Id.*

As stated, in the ordinary course, Williams's possession of firearms in connection with his drug offenses would render him ineligible for relief under § 4C1.1(a)(7). *See United States v. Adgerson*, 5:19-264-MGL-2, 2024 WL 942781, *3 (D. S.C., Mar. 5, 2024) (unpublished) (concluding that defendant who possessed firearm in connection with drug offense not eligible for reduction under § 4C1.1(a)); *United States v. Johnson*, 2:22-cr-129-01, 2024 WL 898910, 2 (S.C. W.Va., Mar. 1, 2024) (unpublished) (concluding that defendant who possessed firearm in connection with drug distribution offense ineligible for § 4C1.1 reduction); *United States v. Williams*, 3:22-cr-00008, 2024 WL 765896, *2-3 (W.D. Va., Feb. 16, 2024) (unpublished) (finding that zero-point offender who possessed firearm in connection with a Hobbs Act robbery was ineligible for reduction of offense level).

---

[8] The Court was well aware that the burden of proof was on the government to establish the firearm offense by a preponderance of the evidence. *See*, *e.g.*, ECF 205 at 17.

However, the firearms here arise in the context of a charge for which defendant was acquitted. And, since sentencing, and since briefing here, the Guidelines have changed with respect to the matter of a court's consideration of acquitted conduct. *See* U.S.S.G. § 1B1.3(c).[9] The question is whether the change in the law regarding judicial consideration of acquitted conduct requires a different conclusion with regard to defendant's eligibility for the two-level reduction in his offense level.

The recent case of *United States v. Lamborn*, ___ F.4th ___, 2025 WL3210812 (4th Cir. Nov. 18, 2025), is instructive. There, the Fourth Circuit considered the district court's consideration of acquitted conduct at sentencing. It concerned drug quantity and destructive device charges. *Id.* at *13.

The Fourth Circuit recognized that, at the time of the defendant's sentencing, "the law in our circuit was that a district court 'may consider uncharged and acquitted conduct in determining a sentence, so long as that conduct is proven by a preponderance of the evidence.'" *Id.* (citing *United States v. Medley*, 34 F.4th 326, 335-36 (4th Cir. 2022)). The Court also observed that, since the sentencing, the Guidelines have been amended to provide that acquitted conduct "shouldn't typically be considered." *Id.* (citing U.S.S.G. § 1B1.3(c)). But, the Court also indicated that the acquitted conduct amendment to the Guidelines is substantive, because it has changed the law in this circuit. *Id.* at n.5. And, said the Court, because it is substantive, it does not apply retroactively. *Id.* (citing *United States v. Goines*, 357 F.3d 469, 474 (4th Cir. 2004)).

---

[9] Section 1B1.3 is titled "Relevant Conduct (Factors that Determine the Guideline Range)." Effective November 1, 2024, § 1B1.3(c) states:

> (c)    ACQUITTED CONDUCT.—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

At the time of sentencing here, when I considered the acquitted conduct concerning the firearms, it was entirely appropriate to do so.  The change in the Guidelines had not yet taken place.  And, because the change is substantive, it is not retroactive.   Therefore, Amendment 821 does not provide a basis for me to reduce defendant's sentence.

In any event, I pause to note that, if defendant received the two-level reduction, his offense level would have been 32.  And, his Guidelines would have been 121 to 151 months.  Notably, the Court's sentence of 135 months of imprisonment falls within that revised range.

**B.**

I turn to the matter of compassionate release.  I see no grounds to reduce defendant's sentence based on compassionate release.

In his Motion, Williams contends that he is a model prisoner, ECF 244 at 6, and he relies on his rehabilitation while incarcerated to support his request for relief.  He focuses on his participation in programming at the BOP, his exemplary conduct, his work history, his acceptance of responsibility, and similar matters, highlighted earlier, to argue for a sentence reduction.  *Id.* at 3-7.  In addition, defendant claims he does not pose a danger and the seriousness of his sentence does not preclude a sentence reduction.  *Id.* at 7.  Further, he maintains that the length of his sentence and the amount of time he has served warrant a reduction.  *Id.* at 9.  And, he argues that the factors under 18 U.S.C. § 3553(a) do not bar a reduction of his sentence.  *Id.* at 11.

Citing 28 U.S.C. § 994(f), the government asserts that defendant's "rehabilitation cannot alone establish extraordinary and compelling reasons for compassionate release."  ECF 251 at 6.

Where appropriate, in regard to compassionate release, the district court "must account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments." *United States v. Mangarella*, 57 F.4th 200, 203 (4th Cir. 2023); *see*

*United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); *Kibble*, 992 F.3d at 334 n.3. Courts place significant weight on a defendant's post-sentencing conduct because it "provides the most up-to-date picture" of a defendant's "'history and characteristics.'" *Pepper v. United States*, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). The court must "at least weigh the [defendant's] conduct in the years since the[ ] initial sentencing[ ]." *McDonald*, 986 F.3d at 412; *see Martin*, 916 F.3d at 397 (requiring an "individualized explanation" as to rehabilitative efforts).

Rehabilitation efforts should be considered in regard to a motion for compassionate release. *See United States v. Lancaster*, 997 F.3d 171, 175 (2021) ("And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing."); *McDonald*, 986 F.3d at 410–12 (noting that on a motion to reduce sentence under the First Step Act, the district court must consider defendant's post-sentencing conduct); *United States v. Randall*, 837 Fed. App'x 1008, 1009 (4th Cir. 2021) ("[A] district court must provide an individualized explanation for denying a sentence reduction motion under the First Step Act when the defendant presents evidence of his post-sentencing rehabilitation."); *United States v. Rudisill*, 834 Fed. App'x 827, 829 (4th Cir. 2021) (finding district judge abused his discretion in denying motion under the First Step Act without addressing defendant's post-sentencing conduct).

Williams's rehabilitation efforts, work history, and disciplinary record are commendable. But, "rehabilitation alone cannot constitute an extraordinary and compelling reason for release." *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) (citing *McCoy*, 981 F.3d at 286 n.9); *see* § 994(t). In my view, defendant's progress toward rehabilitation does not justify a sentence reduction at this time.

As noted, Williams also argues that the length of his sentence is "extreme" and "excessive" and that the amount of time he has served in prison constitutes extraordinary and compelling

reasons for a sentence reduction.  ECF 244 at 9-11.

U.S.S.G. § 1B1.13(b)(6), titled "Unusually Long Sentence," provides:

If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Section 1B1.13(c) of U.S.S.G., titled "Limitation on Changes in Law," is also noteworthy.

It provides: "Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

In order for U.S.S.G. § 1B1.13(b)(6) to apply here, defendant must demonstrate that: (1) he "received an unusually long sentence"; (2) "has served at least 10 years" of that sentence; and (3) a change in the law produces "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ."  Defendant has not satisfied these criteria.

Count One required a mandatory minimum sentence of ten years (120 months), with a maximum of life imprisonment.  *See* 21 U.S.C. §§ 846, 841(b)(1)(A); ECF 179, ¶ 76.  Count Two carried a five-year (60 months) mandatory minimum.  The Guidelines called for a sentence ranging from 151 to 188 months.  Thus, the sentence of 135 months was well below the bottom of the Guidelines.  And, the sentence is only 15 months above the mandatory minimum.  This is not an "extreme" sentence.  Nor is there any basis to conclude that it is a disparate sentence.  *See Brown*,

78 F.4th at 130.

The Statement of Reasons (ECF 186) reflects that I imposed a below Guidelines sentence because I recognized that defendant's Guidelines were affected by his decision to proceed to trial. I also took into account that defendant had never served a sentence of incarceration. *Id.*

As the government puts it, ECF 251 at 7, "there is nothing extraordinary or compelling about a below-guidelines sentence." *See*, *e.g.*, *United States v. Faust*, 2:20-c-4091-SRB-01, 2024 WL 287743, *1 (W.D. Missouri, January 25, 2024) (unpublished) (stating that "there is nothing extraordinary or compelling about a blow-guidelines sentence. . . ."); *United States v. Razo*, 1:11-cr-1184-JAW-1, 2023 WL 3232623, *6-9 (D. Maine, May 3, 2023) (unpublished) (concluding that a below-guidelines sentence is not extraordinary and compelling); *United States v. Oruche*, 20-cr-657 (MKV), 2023 WL 3195363, *2 (S.D.N.Y., May 2, 2023) (unpublished) (stating that defendant failed to present an extraordinary and compelling reason to re-examine a below-Guidelines sentence); *United States v. Binney*, 1:12-cr-272, 2022 WL 2062628, *4 (N.D. Ohio, June 8, 2022) (unpublished) (concluding that defendant had no extraordinary and compelling reason for review of his below-Guidelines sentence).

Moreover, the length of time that defendant has served does not cry out for a reduction. Sentencing occurred on September 6, 2019. ECF 185. Defendant received credit for pretrial detention from July 10, 2017 to July 17, 2017, and since January 11, 2019. *Id.* Thus, defendant has served approximately 84 months (seven years) of a 135-month sentence. This equates to about 65% of the total sentence. "[S]erving some, but not all, of an allegedly lengthy sentence" is not extraordinary and compelling. *United States v. Rosado*, No. CR 6:05-094-DCR, 2021 WL 2481877, at *4 (D.E. Ky. June 17, 2021); *see United States v. Johnson*, NO. 1:18-CR-00907-PAC-2, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021).

In sum, Williams has not served at least ten years of his sentence and the sentence is not unusually long.  Nor has there been any change in the law that is retroactive.  And, even if the defendant could benefit from Amendment 821, his sentence is within the Guidelines range that would apply.

In my view, Williams has not provided a basis to find "extraordinary and compelling reasons" for a reduction in his sentence, either because of his accomplishments while in prison or "based on the length of his sentence or the amount [of] time that he has served."  ECF 251 at 8.

## C.

Assuming, *arguendo*, that defendant has established an extraordinary and compelling reason for compassionate release, that finding would not end the inquiry.  The Court must next consider the sentencing factors in 18 U.S.C. § 3553(a), to determine whether, in its discretion, a reduction of sentence is appropriate.  *See Dillon*, 560 U.S. at 826–27; *Brown*, 78 F.4th at 128; *United States v. Mangarella*, 57 F.4th 200, 203 (4th Cir. 2023); *Malone*, 57 F.4th at 174; *Bethea*, 54 F.4th at 833; *Hargrove*, 30 F.4th at 195; *High*, 997 F.3d at 186; *Martin*, 916 F.3d at 397; *see Kibble*, 992 F.3d at 329–30 (noting that district court must consider § 3553(a) factors when considering a motion to reduce sentence under § 3582(c)(1)(A) and district court enjoys broad discretion in conducting this analysis); *United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under § 3582(c)(1)(A), the court must consider the sentencing factors under § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (district court must give due consideration to the § 3553(a) factors); *see also United States v. Jones*, 2022 WL 2303960, at *1 (4th Cir. June 27, 2022) (per curiam) (noting that "a court need not explicitly make findings on extraordinary and compelling reasons where consideration of the § 3553(a) factors

counsels against release"); *United States v. Butts*, 2021 WL 3929349, at *2 (4th Cir. Sept. 2, 2021) (per curiam) (noting that, even if the district court finds extraordinary and compelling circumstances, it must consider the § 3553(a) factors to the extent applicable in exercising its discretion).

The § 3553(a) "factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with . . . training, medical care, or other correctional treatment.'" *Jenkins*, 22 F.4th at 170 (quoting 18 U.S.C. § 3553(a)). Additionally, the court may consider the "'kinds of sentences available,' and 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.'" *Burleigh*, 145 F.4th at 548 (quoting 18 U.S.C. § 3553(a)(1), (3), (6)). As the Fourth Circuit has observed, "'many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" *Bond*, 56 F.4th at 384 (quoting *Jackson*, 952 F.3d at 500).

To be sure, defendant had zero criminal history points at sentencing. And, he has done well while incarcerated. This weighs in defendant's favor. But, the nature and circumstances of the offense were extremely serious. District courts "enjoy the discretion to give additional weight to any one factor so long as they do not confine their analysis to that factor." *Davis*, 99 F.4th at 656; *see United States v. Friend*, 2 F.4th 369, 381–82 (4th Cir. 2021).

The government showed at trial that on December 12, 2016, Baltimore County Police responded to a call from an individual, *i.e.*, a victim, who told the police that the defendant, an individual known to the victim, had shot at him and robbed him. The defendant also struck the

victim's vehicle with his own vehicle.  *See* ECF 251 at 10.[10]

A search warrant was obtained for defendant's residence and vehicle.  *Id.* at 11.  During the search of defendant's apartment, detectives located dog food containers in the utility closet. *Id.* at 12.  Inside the containers, investigators found more than four kilograms of cocaine, packaged in large bricks wrapped in plastic, and more than five kilograms of marijuana, also packaged in large plastic wrapped bricks.  *Id.*

In addition, in proximity to the drugs, law enforcement recovered two firearms.  *Id.*  In particular, investigators recovered a Jennings Model J22 .22 Caliber Pistol, and a Smith & Wesson 659 9-millimeter handgun with the serial number obliterated.  *Id.*

Thereafter, detectives searched Williams's white Toyota Sequoia, which had damage to the front bumper.  *Id.* at 11, 12.  From inside the vehicle, they recovered a loaded .22 caliber magazine matching the caliber of the Jennings firearm recovered from the apartment; approximately $213,000 in United States currency; and two digital scales commonly used for the packaging of controlled dangerous substances.  *Id.* at 12.  The money was found inside a gray backpack, and the backpack also contained a traffic ticket in the name of the defendant. *Id.*

Three large boxes were located in the cargo area of the vehicle.  *Id.*  Three dog food containers were in the boxes, which matched the containers seized from the apartment.  *Id.* Approximately 8.9 kilograms of marijuana were stored in the containers.  *Id.*  Two cell phones were also recovered from Williams's vehicle.  *Id.*  One of those phones belonged to the victim robbed by defendant at gunpoint on December 12, 2016.  *Id.*

In addition, prior to trial, defendant, who was on release status, absconded.  *Id.* at 13.  In particular, Williams's trial was originally scheduled to begin on November 5, 2018.  *Id.*  On

---

[10] For convenience, I cite to the government's summary.  The summary is accurate.

October 29, 2018, a *Lafler* hearing was held.  That day, in accordance with the parties' discovery agreement, the government provided defense counsel with *Jencks* material, which included sworn testimony of the co-defendant.  *Id.*  Thereafter, Williams absconded and he was not apprehended until January 11, 2019.  *Id.*

As stated, I am mindful of defendant's lack of a criminal record and his various accomplishments in prison.  But, as I see it, the gravity of this case is noteworthy.  And, if I were to reduce defendant's sentence, this would promote disrespect for the law.

## IV.

In my view, the defendant is not entitled to a sentence reduction under Amendment 821 or based on compassionate release.  Defendant trafficked more than four kilograms of cocaine and five kilograms of marijuana while in possession of firearms.  The government also seized approximately $213,000 from the defendant.  I attempted to be lenient in my sentence, as the Statement of Reasons shows.  But, in my view, a reduction of sentence at this time would undermine respect for the law.

An Order follows.

Date:   November 20, 2025                                  _____/s/_____
                                                          Ellen L. Hollander
                                                          United States District Judge